UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) | Civil Action No. 3 02CV10109 |
| v. ) ) | |
| THE DIAL CORPORATION, ) ) | **COMPLAINT** (Jury Trial Demand) |
| Defendant. ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Paula Liles and a class of female applicants for employment, who were adversely affected by such practices. As stated with greater particularity in Paragraph 7 below, the plaintiff Equal Employment Opportunity Commission alleges that the defendant, The Dial Corporation, discriminated against Liles and a class of female applicants for employment by refusing to hire them for production positions based on their sex and based on a pre-employment test which has a disparate impact against females.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the

jurisdiction of the United States District Court for the Southern District of Iowa.

## PARTIES

3.  The plaintiff, the Equal Employment Opportunity Commission ("EEOC"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.  At all relevant times, the defendant, The Dial Corporation ("Dial"), has continuously been a Delaware corporation doing business in the State of Iowa and the City of Fort Madison, and has continuously had at least 15 employees.

5.  At all relevant times, Dial has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6.  More than 30 days prior to the institution of this lawsuit, Paula Liles filed a charge with the EEOC alleging violations of Title VII by Dial. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.  Since at least January 1, 2000, to the present, Dial has engaged in unlawful employment practices at its Fort Madison, Iowa facility in violation of Sections 703(a)(1) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1), as follows:

    (a)  Dial has refused employment to Liles and to other female applicants based on a post-offer pre-employment work tolerance test, which test has a significant disparate impact against women, which has not been shown to be job related for the position of production worker, nor consistent with business necessity;

(b) Dial has intentionally discriminated against Liles and other female applicants by refusing to hire them because of their sex.

8. The effect of the practices complained of in Paragraph 7 above has been to deprive Liles, and a class of female applicants for production positions at Dial during the relevant time period, of equal employment opportunities and otherwise adversely affect their status as applicants for employment because of their sex.

9. The unlawful employment practices complained of in Paragraphs 7(b) above were, and are, intentional.

10. The unlawful employment practices complained of in Paragraphs 7(b) above were done by Dial with malice or with reckless indifference to the federally protected rights of Liles and a class of female applicants for production positions at Dial during the relevant time period.

## PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Dial and its officers, successors, and assigns, and all persons in active concert or participation with them, from engaging in discrimination in hiring based on sex.

B. Order Dial to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C. Enjoin Dial from using any pre-employment test which has a disparate impact against female applicants, unless it demonstrates that the test is job related for the position in question and consistent with business necessity.

D. Order Dial to make whole Liles and other female applicants who were rejected by

Dial for production positions based on the use of a pre-employment test which had a disparate impact against females, by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including (but not limited to) rightful place hiring.

E.  Order Dial to make whole Liles and the class of female applicants by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraph 7(b) above, including job search expenses and medical expenses not covered by their employer-sponsored employee benefit plans, in amounts to be determined at trial.

E.  Order Dial to make whole Liles and the class of female applicants, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in Paragraph 7(b) above, including emotional pain, suffering, loss of enjoyment of life, and humiliation caused by Dial's discriminatory treatment of them, in amounts to be determined at trial.

F.  Order Dial to pay Liles and the classes of female applicants punitive damages for its malicious and reckless conduct described in Paragraph 7(b) above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the EEOC its costs of this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its complaint.

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
1801 "L" Street, N.W.
Washington, D.C. 20507

Dated: September 23, 2002

_____
Jean P. Kamp
Regional Attorney

Dated: September 23, 2002

_____
Rosemary Fox
Supervisory/Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
Milwaukee District Office
310 West Wisconsin Avenue - Suite 800
Milwaukee, WI  53203-2292
(414) 297-4188

5