DAVENPORT, IOWA

2002 DEC -6 P 4: 17

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA
## EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 3 02CV10109 |
| THE DIAL CORPORATION, | ) ) ) |
| Defendant. | ) ) |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, DIAL CORPORATION (Defendant), by and through its attorneys, answers Plaintiff's Complaint as follows:

### COMPLAINT ¶ NO. 1:

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331,1337,1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

### ANSWER:



Defendant admits that Plaintiff purports to invoke this Court's jurisdiction based upon 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. Defendant admits that Plaintiff purports to bring this action pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, but denies that it has violated any of these statutes or that Plaintiff is entitled to any relief whatsoever. Defendant denies each and every remaining allegation in Complaint Paragraph 1.

## COMPLAINT ¶ NO. 2:

The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Iowa.

## ANSWER:

Defendant admits that the allegations which it understands to be the subject of Plaintiff's Complaint arose in this district. Defendant denies each and every remaining allegation in Complaint Paragraph 2.

## COMPLAINT ¶ NO. 3:

The plaintiff, the Equal Employment Opportunity Commission ("EEOC"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

## ANSWER:

Defendant admits the allegations contained in Complaint Paragraph 3.

## COMPLAINT ¶ NO. 4:

At all relevant times, the defendant, The Dial Corporation ("Dial"), has continuously been a Delaware corporation doing business in the State of Iowa and the City of Fort Madison, and has continuously had at least 15 employees.

## ANSWER:

Defendant admits that it is a Delaware corporation currently doing business in the State of Iowa and the City of Fort Madison, and that it currently has at least 15 employees. Defendant is without knowledge or information sufficient to form a belief as to what Plaintiff means by "at all relevant times," and thus denies each and every remaining allegation contained in Complaint Paragraph 4.

## COMPLAINT ¶ NO. 5:

At all relevant times, Dial has continuously been an employer engaged in an industry

affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

**ANSWER:**

Defendant admits that it is currently an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h). Defendant is without knowledge or information sufficient to form a belief as to what Plaintiff means by "at all relevant times," and thus denies each and every remaining allegation contained in Complaint Paragraph 5.

**COMPLAINT ¶ NO. 6:**

More than 30 days prior to the institution of this lawsuit, Paula Liles filed a charge with the EEOC alleging violations of Title VII by Dial. All conditions precedent to the institution of this lawsuit have been fulfilled.

**ANSWER:**

Defendant admits that Paula Liles filed a charge with the EEOC more than 30 days prior to the institution of this lawsuit, alleging violations of Title VII by Dial. Defendant denies each and every remaining allegation contained in Complaint Paragraph 6.

**COMPLAINT ¶ NO. 7:**

Since at least January 1, 2000, to the present, Dial has engaged in unlawful employment practices at its Fort Madison, Iowa facility in violation of Sections 703(a)(1) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1), as follows:

    (a)    Dial has refused employment to Liles and to other female applicants based on a post-offer pre-employment work tolerance test, which test has a significant disparate impact against women, which has not been shown to be job related for the position of production worker, nor consistent with business necessity;

    (b)    Dial has intentionally discriminated against Liles and other female applicants by refusing to hire them because of their sex.

**ANSWER:**

Defendant admits that it did not hire Liles or any other applicant who failed to pass Dial's work tolerance test for the production technician position. Defendant denies each and every remaining allegation contained in Complaint Paragraph 7, and specifically denies all allegations of wrongdoing.

**COMPLAINT ¶ NO. 8**

The effect of the practices complained of in Paragraph 7 above has been to deprive Liles, and a class of female applicants for production positions at Dial during the relevant time period, of equal employment opportunities and otherwise adversely affect their status as applicants for employment because of their sex.

**ANSWER:**

Defendant denies each and every allegation contained in Complaint Paragraph 8.

**COMPLAINT ¶ NO. 9**

The unlawful employment practices complained of in Paragraphs 7(b) above were, and are, intentional.

**ANSWER:**

Defendant denies each and every allegation contained in Complaint Paragraph 9.

**COMPLAINT ¶ NO. 10**

The unlawful employment practices complained of in Paragraphs 7(b) above were done by Dial with malice or with reckless indifference to the federally protected rights of Liles and a class of female applicants for production positions at Dial during the relevant time period.

**ANSWER:**

Defendant denies each and every allegation contained in Complaint Paragraph 10.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's class claims are barred to the extent that they exceed the scope of the

allegations in the charge of discrimination filed by Paula Liles with the EEOC.

### Second Affirmative Defense

Plaintiff's claims are barred to the extent they are untimely.

### Third Affirmative Defense

Plaintiff's claims are barred to the extent that Paula Liles or others have failed to exhaust their administrative remedies.

### Fourth Affirmative Defense

Dial's work tolerance test is job-related and consistent with business necessity.

### Fifth Affirmative Defense

Relief in this action may not be awarded to the extent that Paula Liles or any subsequently identified claimant has failed to mitigate her damages.

WHEREFORE, Defendant denies that Plaintiff is entitled to any relief on behalf of Paula Liles or others in this action, and requests that the Complaint be dismissed in its entirety with prejudice and that Defendant be awarded its costs and attorneys' fees in the matter together with such other and further relief as the Court may deem just and proper.

Respectfully submitted,

THE DIAL CORPORATION

By _____
   One of Its Attorneys

Michael A. Warner
Laura A. Lindner
Christopher L. Casazza
SEYFARTH SHAW
55 East Monroe Street
Suite 4200
Chicago, Illinois 60603
(312) 346-8000

John A. Kuhl
STANLEY, LANDE & HUNTER
900 U.S. Bank Center
201 West Second
Davenport, Iowa 52801
(563) 324-1000

| PROOF OF SERVICE |
| --- |
| The undersigned certifies that the foregoing instrument was served upon all parties to the above cause of action or to their attorneys of record herein at their respective addressees disclosed on the pleadings on _12/6_, 2002, by: |
| ☒ U.S. Mail ☐ Fax<br>☐ Hand Delivered ☐ Overnight Courier<br>☐ Federal Express ☐ Other _____ |
| Signature _Caroline J. Hicks_ |

Rosemary J. Fox
Jean P. Kamp
EEOC
Milwaukee District Office
310 West Wisconsin Avenue, Suite 800
Milwaukee, WI 53203-2292