FILED
APR 2 7 2004
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHER DISTRICT OF IOWA
DAVENPORT DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | Civil Action # 3:02-cv-10109 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| DIAL CORPORATION, | ) ) | |
| Defendant. | ) ) | |

## EEOC LOCAL RULE 56.3 STATEMENT OF ADDITIONAL MATERIAL FACTS

Plaintiff, the Equal Employment Opportunity Commission, pursuant to Local Rule 56.3, hereby submits the following Additional Statement of Material Facts which preclude the granting of Defendant's motion for partial summary judgment.

1. Dial made no attempt to validate the work tolerance test prior to the filing of this lawsuit. (Exhibit 14, Deposition of Jean Farrington, p. 77).

2. Prior to implementation of the work tolerance test, no one at Dial considered the possible impact of the test. (Exhibit 17, Deposition of Martha Lutenegger, p. 57-58; Exhibit 14, Farrington 77).

3. Dial became aware of the disparate impact of the test soon after its implementation. (Exhibit 14, Farrington, p. 78, 82).

4. Current employees have never been tested. (Exhibit 17, Lutenegger, p. 60; Exhibit 14, Farrington, 86).

5. Employees returning from disability leave have never been tested. (Exhibit 17, Lutenegger, p. 60; Exhibit 14, Farrington, p. 86).

6. The work tolerance test has not been changed in it implementation or in its

scoring since being implemented in 2000. (Exhibit 17, Lutenegger, p. 60).

7. Dial has not considered making changes to reduce the disparate impact of the test, since EEOC's findings of discrimination. (Exhibit 17, Lutenegger, p.72.; Exhibit 13, deposition of Dick Beird, p. 91-92; Exhibit 14, Farrington, 129-130; Exhibit16, deposition of Joe Linares, p. 43).

8. Dial never requested that its experts look at ways to lessen the disparate impact of the test. (Exhibit 15, deposition of Dr. David Jones, p. 19, 205-206).

9. No action taken in response to disparate impact. (Exhibit 14, Farrington, p. 89-90).

10. Dial has never attempted to determine whether people who have taken the test are less likely to be injured than persons hired prior to the implementation of the test. (Exhibit 17, Lutenegger p.98, Exhibit 16, Linares p. 37).

11. Dial asserts that it was not aware that women were more likely to be injured than men in the sausage department. (Exhibit 14, Farrington, p. 85; Exhibit 16, Linares, p. 43).

12. A new procedure for rotating jobs in the Smokehouse was made part of 1999 collective bargaining agreement between Dial and the United food and Commercial Workers. The plan was implemented gradually, and is only now being fully implemented. (Exhibit 13, deposition of Dick Beird, p. 107-110).

13. On March 9, 2000, Paula Liles took the Work Tolerance Test. She was able to complete the seven minute test, lifting and carrying 35 pounds to alternating heights of 35" and 65". The occupational therapist, Molly Sichterman, who had designed the test, determined that Liles had passed the test. Dial's employee, Martha Lutenegger, determined that Liles had failed

2

the test and decided not to hire her. (Exhibit 10, Bates # 100191; Dial Fact 21).

14. On March 9, 2000, Charlotte McClure took the work tolerance test. She was able to lift safely, with adequate strength, despite increased difficulty lifting over her head because of her height, 5'. The occupational therapist, Molly Sichterman, determined that she had passed the test. Lutenegger decided, based on the scoring sheet, that McCLure had failed the test, and determined not to hire her. (Exhibit 10, Bates # 100194).

15. On March 11, 2000, Tracy Dresden, female Took the work tolerance test. Her scoring form noted "...She does display the strength and endurance for continuous lifting. Sichterman determined that she had passed the test. Lutenegger decided, based on the scoring sheet, that Dresden had failed the test, and determined not, to hire her. (Exhibit 10, Bate # 100188).

16. On October 28, 2002, Caleb Land, male, took the work tolerance test. He passed the test, despite comments that his "rate slowed down during the course of exercise and was breathing heavier." (Exhibit 10, Bates ## Def. 69-70).

17. On November 5, 2002, Bryan Grafton, male, took the work tolerance test. He passed the test, despite the comment, "slightly arched back when lifting to 65 ½ inches" and "became slightly fatigued." (Exhibit 10, Bates # Def. 0093).

18. On April 29, 2003, Blain Martin, male, took the work tolerance test. He passed the test, despite comment, "Perspiration, face flushed Stated just started B/P medicine 2 wks. ago" and "Very Nervous Shaky ." (Exhibit 10, Bates ## Def. 3132-3133).

19. Kenneth Hogan, male, failed the work tolerance test on October 128, 2002. He took the test again, and passed it, on May 27, 2003. (EEOC Exhibit 18, Bates ## 3244).

Dated this 26th day of April, 2004.

/s/ Jean P. Kamp

Jean P. Kamp

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Milwaukee District Office
310 West Wisconsin Avenue - Suite 800
Milwaukee, WI 53203-2292
(414) 297-1860