FILED
ROCK ISLAND, IL

04 AUG -3 AM 8: 15

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) Civil Action No. 3-02-CV-10109 ) |
| v. | ) Judge Longstaff ) |
| THE DIAL CORPORATION, | ) ) |
| Defendant. | ) ) |

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S CLAIMS FOR COMPENSATORY AND PUNITIVE DAMAGES

Defendant, The Dial Corporation ("Dial"), by its attorneys and pursuant to Local Rule 7.1(d), submits this memorandum of law in support of its motion to dismiss Plaintiff's claims for compensatory and punitive damages.

### INTRODUCTION

This case is brought by Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), on behalf of a putative class of women who have failed Dial's Ft. Madison, Iowa plant's pre-employment physical ability test ("the WTS"). In its July 21 Order, the Court upheld the EEOC's right to contend before the jury that Dial's use of the WTS constitutes a pattern and practice of intentional discrimination. Thereafter, Magistrate Judge Walters solicited letters from both parties requesting their respective views on what issues should be submitted to the Court and the jury. The parties agree that the issue of liability on the disparate treatment case is for the jury. The parties also agree that the disparate impact case is for the Court to decide. Further, if liability is found on either claim, the parties agree that the Court can issue injunctive



CH1 10755228.1

relief and the issue of back pay is for the Court to decide and that decision can be deferred until after the parties have the opportunity to attempt settlement.

The EEOC also proposes that, in the event of a finding of liability on the disparate treatment case, it should have the right to seek compensatory and punitive damages on behalf of a putative class of unsuccessful female applicants. Dial opposes that request and, accordingly, brings this motion in order to obtain a formal resolution of that issue.

**ARGUMENT**

The EEOC's right to pursue relief on behalf of a putative class is dependent upon its authority to proceed under its "pattern and practice" jurisdiction. Only one individual, Paula Liles, filed a charge of discrimination against Dial. While the Supreme Court has held (in a 5-4 decision) that the EEOC does not have to bring pattern and practice cases under Rule 23, (*General Tele. Co. of the Northwest v. EEOC*, 446 U.S. 318 (1980)), the Court provided no other guidance as to the permissible scope of a pattern and practice case. The EEOC cannot deny, however, that Congress authorized pattern and practice jurisdiction for the purpose of promoting judicial economy – the same objective as Rule 23.[1] Thus, Dial contends that the Court has discretion to determine what issues can be tried consistent with the objective of pattern and practice jurisdiction – promoting judicial economy.

In this regard, by analogy to Rule 23, Dial contends that EEOC should not be permitted to seek compensatory damages because any such claims would be so highly individualized that it would defeat the objective of promoting efficiency. As held in *Allison v. Citgo Petroleum Corp.*,

---

[1] In fact, in discussing the EEOC's authority to bring pattern and practice actions, Senator Javits expressly referred to Rule 23 procedures. *See General Tele.*, 446 U.S. at 329 n.13.

2

CHI 10755228.1

151 F.3d 402, 416-17 (5th Cir. 1998), compensatory damages for emotional harm and other forms of intangible injury are an individual, not class-wide remedy. Compensatory damages may be awarded only if the plaintiff submits proof of actual injury and a plaintiff's testimony alone is not ordinarily sufficient. *See id.* Thus, the highly individualized nature of such claims precludes class treatment.

Because the compensatory damage claims cannot be considered on a class-wide basis, the Court in *Allison* further found that punitive damages can not be assessed "merely upon a finding that the defendant engaged in a pattern and practice of discrimination." *Allison*, 151 F.3d at 417. The recovery of punitive damages must necessarily turn on the recovery of compensatory damages. The Ninth Circuit has also rejected the notion that punitive damages could flow directly from a finding of liability. *See Beck v. Boeing*, 2003 WL 683797 (9th Cir. Feb. 25, 2003). Thus, there is no Court of Appeals authority upholding the right of a plaintiff to seek punitive damages based solely on a finding of liability.

Further, such a process would violate the principles of *State Farm Mutual Automobile Ins. Co. v. Campbell*, 123 S.Ct. 1513, 1523-24 (2003), in which the Supreme Court reasoned that a punitive damage claim must bear some relationship to a plaintiff's harm, not just defendant's assets, in order to satisfy due process considerations. The Court explained that "the precise award in any case, of course, must be based upon the facts and circumstances of defendant's conduct <u>and</u> the harm to the plaintiff" (*id.* at 1524; emphasis added). Whether a claimant suffered harm and the full extent of the harm to the putative class will not be determined until after the back pay proceeding is completed, which the parties agree for efficiency reasons, should be deferred until after trial, long after the jury is excused.

CH1 10755228.1

Neither *EEOC v. Dial Corp.*, 259 F. Supp. 2d 710 (N.D. Ill. 2003), or *Dukes v. Wal-Mart Stores*, 2004 U.S. Dist. LEXIS 11297 (N.D. Cal. June 21, 2004), cited in EEOC's letter to Magistrate Walters, supports a contrary holding. Both cases are contrary to the Supreme Court and Court of Appeals authority on the issue. Moreover, the Court in *Dial* ultimately ended up with ordering a four-phase trial before multiple juries – a result directly contrary to the pattern and practice objective of promoting judicial economy.

*Wal-Mart* is distinguishable because the plaintiffs did not seek punitive damages. Moreover, to the extent the court in *Wal-Mart* is suggesting that a jury can determine punitive damages immediately after a finding of liability before harm to the class in the form of back pay is determined, the case is directly contrary to the *Beck v. Boeing* case, discussed *infra*.

Based on the foregoing, it is Dial's position that the EEOC should not be permitted to seek compensatory or punitive damages because a claim for such individualized relief is inconsistent with a class-based pattern and practice case that is intended to promote judicial economy.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant The Dial Corporation respectfully requests that the EEOC be prohibited from seeking compensatory and punitive damages.

4

Respectfully submitted,

THE DIAL CORPORATION,

By _____
One of Its Attorneys

Michael A. Warner
Christopher L. Casazza
SEYFARTH SHAW LLP
55 East Monroe Street, Suite 4200
Chicago, Illinois 60603
Telephone: (312) 346-8000
Facsimile: (312) 269-8869

John A. Kuhl
STANLEY, LANDE & HUNTER
900 U. S. Bank Center
201 West Second Street
Davenport, Iowa 52801
Telephone: (563) 324-1000
Facsimile: (563) 326-6266

August 2, 2004

> **PROOF OF SERVICE**
> The undersigned certifies that the foregoing instrument was served upon all parties to the above cause of action or to their attorneys of record herein at their respective addressees disclosed on the pleadings on __8/3__, _2004_ by:
>
> ☑ U.S. Mail           ☑ Fax
> ☐ Hand Delivered     ☐ Overnight Courier
> ☐ Federal Express    ☐ Other _____
>
> Signature _Caroline J. Hick_

Jean P. Kamp
Brian C. Tyndall
U.S. Equal Employment Opportunity Commission
Milwaukee District Office
310 West Wisconsin Avenue, Suite 800
Milwaukee, WI 53203-2292