IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

FILED
DES MOINES, IOWA

2004 AUG 23  PM 5: 19

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL NO. 3-02-CV-10109 |
| Plaintiff, | ) ) | |
| vs. | ) ) | INSTRUCTIONS TO THE JURY |
| DIAL CORPORATION, | ) ) | |
| Defendant. | ) | |

MEMBERS OF THE JURY, THE COURT NOW GIVES YOU THE FOLLOWING

INSTRUCTIONS:



# INSTRUCTION NO. 1

Now that you have heard the evidence, the time has come to instruct you as to the law governing this case. You are to consider all of the instructions together, apply them as a whole to the facts as you find them to have been established by the evidence, and return your verdict accordingly.

You as jurors are the sole judges of the facts. No language used by the court in these instructions and no statements, conduct, remarks, or rulings of the court during the process of the trial should be considered by you as an indication that the court has any opinion as to the facts of the case or what your verdict should be.

You are to follow the instructions now given to you in your deliberations. You are not to be concerned with the wisdom of any rule of law. Regardless of your opinion as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the court.

# INSTRUCTION NO. 2

You must make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and the court reporter cannot read back lengthy testimony.

Any notes you have taken should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you did not take notes, you should rely on your own independent recollection of the proceedings and you should not be influenced by the notes of other jurors. I emphasize that notes are not entitled to any greater weight than the recollection or impression of each juror as to what the testimony might have been.

# INSTRUCTION NO. 3

This is a civil case brought by the plaintiff, the Equal Employment Opportunity Commission, oftentimes called the "EEOC." The EEOC is an agency of the federal government. In this case, the EEOC claims that the defendant, The Dial Corporation, has discriminated against female job applicants by implementing and continuing a pre-employment physical ability test, known as the Work Tolerance Screen, or the "WTS," at the Company's Ft. Madison, Iowa meat processing plant.

The EEOC alleges that the adoption and continued use of the WTS intentionally discriminates against female applicants because of their sex. Dial denies that allegation and allege that it adopted and continued the test in order to reduce the injury rate at the plant.

Do not consider this summary as proof of any claim. Decide the facts from the evidence and apply the law which I will now give to you.

# INSTRUCTION NO. 4

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses; documents and other things received as exhibits; and any facts that have been stipulated - that is, formally agreed to by the parties.

Certain things are not evidence. I will list those things for you now:

1. Statements, arguments, questions and comments by lawyers are not evidence.

2. Exhibits that are identified by a party but not offered or received in evidence are not evidence.

3. Objections are not evidence. Lawyers have a right and sometimes an obligation to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question or an exhibit, you must ignore the question or the exhibit and must not try to guess what the information might have been.

4. Testimony and exhibits that were stricken from the record, or that I told you to disregard, are not evidence and must not be considered.

5. Anything you see or hear about this case outside the courtroom is not evidence.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I told you when that occurred, and instructed you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

**INSTRUCTION NO. _5_**

Plaintiff and defendants have stipulated—that is, they have agreed—that certain facts are as counsel stated.  You should, therefore, treat those facts as having been proved.

## INSTRUCTION NO. 6

In these instructions you will be told that your verdict depends on whether you find certain facts have been proved.  The burden of proving a fact is upon the party whose claim depends upon that fact.  The party who has the burden of proving a fact must prove it by the preponderance of the evidence.  To prove something by the preponderance of the evidence is to prove that it is more likely true than not true.  It is determined by considering all of the evidence and deciding which evidence is more believable.  If, on any issue in the case, the evidence is equally balanced, you cannot find that issue has been proved.

The preponderance of the evidence is not necessarily determined by the greater number of witnesses or exhibits a party has presented.

As you will be instructed later on, the EEOC has the burden of proving that Dial engaged in a pattern or practice of intentionally discriminating against female job applicants at its Ft. Madison facility.

**INSTRUCTION NO. __7__**

In this case, the plaintiff is a governmental agency and the defendant is a corporation. Each party has equal rights in court. This case should be determined by you with the same fairness and consideration as though it were a lawsuit between individuals, and no influence or presumption is to be drawn against either party that would be improper in an action between individuals. Both parties in this case are entitled to equal justice in your hands and to a fair and impartial consideration of the entire case.

# INSTRUCTION NO. __8__

You have heard testimony from persons described as experts.  Persons who have become experts in a field because of their education and experience may give their opinion on matters in that field and the reasons for their opinion.

Consider expert testimony just like any other testimony.  You may accept it or reject it. You may give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinions and all the other evidence in the case.

**INSTRUCTION NO.** ___9___

An expert witness was asked to assume certain facts to be true and to express his or her opinion, based on that assumption. This is called a hypothetical question. If any fact assumed in the question has not been proved by the evidence, you should decide if that omission affects the value of the opinion.

**INSTRUCTION NO.** _10_

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, you may consider a witness' intelligence, the opportunity a witness had to see or hear the things testified about, a witness' memory, any motives a witness may have for testifying a certain way, the manner of a witness while testifying, whether a witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

# INSTRUCTION NO. 11

No party is required to call as witnesses all persons who may have been present at any time or place involved in this case, or who may appear to have some knowledge of the matters in issue at this trial; nor is a party required to produce as exhibits all papers and other things mentioned in this case.  You may, however, draw inferences based upon a party's failure to call a witness.  When it would be natural under the circumstances for a party to call a particular witness at trial, either in person or through deposition testimony, and that party fails to do so, then you may infer that the testimony of that witness is unfavorable to the party who could have called that witness and did not.

**INSTRUCTION NO. _12_**

The EEOC claims that Dial violated Title VII of the Civil Rights Act by engaging in a pattern or practice of intentionally discriminating against female job applicants at its Ft. Madison facility. To prove its claim, the EEOC must show by a preponderance of the evidence each of the following propositions:

*First*, the work tolerance test implemented by Dial in January, 2000 and continued until the present had the effect of causing significantly more women than men not to be hired as production operators; and

*Second*, Dial decided to implement and/or continue with the test during this period with the intent to discriminate against women on the basis of sex.

If both of the above elements have been proved by the preponderance of the evidence, your verdict must be for EEOC.

If either of the above elements has not been proved by the preponderance of the evidence, your verdict must be for Dial and you need not proceed further in considering this claim.

In considering this claim, you are instructed that a pattern or practice is more than isolated, sporadic incidents; rather, intentional discrimination must be repeated, routine, or of a generalized nature.

# INSTRUCTION NO. 13

In connection with the second proposition in Instruction No. 12, you have heard evidence from the EEOC that Dial's implementing and continuing of the WTS was motivated by gender. You have also heard evidence from Dial that it implemented and continued the WTS for a lawful reason, reducing workplace injuries.

If you find, by a preponderance of the evidence, that gender was a motivating factor in Dial's implementing and/or continuing of the WTS, the EEOC is entitled to your verdict, even if you find that Dial's conduct was also motivated by a lawful reason, such as reducing workplace injuries. If you find that gender was not a motivating factor in implementing and/or continuing the WTS, then Dial is entitled to your verdict.

# INSTRUCTION NO. 14

Intent to discriminate may be shown by considering statistical evidence of unfavorable treatment of women together with individual instances of discrimination against women. Statistical evidence alone is not sufficient to find intent.

To prove discriminatory intent necessary for a disparate treatment claim or pattern and practice claim, the EEOC need not prove that an employer harbored some special animus or malice towards women, but only that it acted consciously and intentionally based on sexual stereotypes.

**INSTRUCTION NO.**  15

Federal Regulations called the Uniform Guidelines on Employee Selection Procedures provide that an employer validate selection procedures that cause a disparate impact.  If you find that Dial did not validate the test, you may, but are not required to, consider that in determining whether there was intentional discrimination.

# INSTRUCTION NO. 16

In evaluating the EEOC's discriminatory treatment claim, you are not being asked to judge whether Dial's employment practices were fair or unfair, right or wrong. You are to judge only whether Dial engaged in a pattern or practice of intentionally discriminating against female job applicants at its Ft. Madison facility. It is not unlawful for an employer to evaluate employees or applicants because of the employer's view of the individual's capabilities. Dial is entitled to have made bad decisions or to have acted arbitrarily, so long as discrimination based on sex was not a motivation for its employment decisions. It is not your task to second-guess Dial or to reevaluate its business decisions.

# INSTRUCTION NO. 17

If you find that the EEOC has prevailed on its claim, you must consider the issue of punitive damages in this phase of the trial. If there is a finding in favor of the EEOC and against Dial on the claim of discrimination, there will be a second phase of this trial in which claimants who were not hired will provide evidence regarding alleged emotional distress damages.

The EEOC called approximately 10 women who testified on the issue of whether Dial discriminated. These women were also allowed to testify with respect to alleged emotional distress that they suffered as a result of not being hired by Dial. The Court allowed this testimony as a matter of efficiency, only so these women will not have to testify again if there is a second, "damages," phase of this trial. Any testimony related to alleged emotional distress must not be considered when determining whether Dial is liable for intentional discrimination. If you determine that Dial did not discriminate against these women, any damages that they allegedly suffered as a result of their not being hired are irrelevant.

Of course, the possibility of a second phase of the trial, which would likely last for one day, should not influence your verdict on whether there was intentional discrimination.

# INSTRUCTION NO. 18

If the EEOC has proven its claim against Dial by a preponderance of the evidence, the law permits you under limited circumstances to award punitive damages.

In determining whether to award punitive damages, you must decide whether Dial acted with malice or reckless indifference to female applicants' right not to be discriminated against on the basis of their sex.  Dial acted with malice or reckless indifference if it has been proved by the preponderance of the evidence that Dial management knew that the use of the WTS was in violation of the law prohibiting sex discrimination, or acted with reckless disregard of that law.

If you find that Dial acted with malice or reckless disregard and did not make a good-faith effort to comply with the law, then, you may, but are not required to, award an additional amount as punitive damages if you find it is appropriate to punish Dial or to deter Dial and others from like conduct in the future.  An employer makes such good faith efforts by, for example, adopting policies prohibiting discrimination and educating its employees about its policies or the prohibitions against discrimination through policy notices, postings, or instruction.

Whether to award the female applicants punitive damages, and the amount of those damages, are within your discretion.

# INSTRUCTION NO. 19

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

*First*, when you go to the jury room, you must select one of your members as your foreperson.  That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room.  You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.  Remember at all times that you are not partisans.  You are judges–judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

*Third*, if you need to communicate with me during your deliberations, you may send a note to me through the court security officer, signed by one or more jurors.  I will respond as soon as possible either in writing or orally in open court.  Remember that you should not tell anyone–including me–how your votes stand numerically.

*Fourth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions.  The verdict must be unanimous.  Nothing I have said or done is intended to suggest what your verdict should be–that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decisions that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdicts, your foreperson will fill in the form, sign and date it, and advise the court security officer that you are ready to return to the courtroom.

UNITED STATES CHIEF JUDGE
SOUTHERN DISTRICT OF IOWA