UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) | Civil Action # 3:02-CV-10109 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| DIAL CORPORATION, | ) ) | |
| Defendant. | ) ) | |

**ORDER FOR JUDGMENT**

This action was brought by the Equal Employment Opportunity Commission ("EEOC"), alleging that Dial Corporation ("Dial") discriminated against female applicants for entry level jobs by using a "work tolerance screen," a strength test, which excluded females, in violation of Title VII of the Civil Rights Act of 1964, as amended. On August 23, 2004, a jury found that Dial's use of the strength test constituted intentional discrimination against women after April, 2001. By Order of February 3, 2005, this Court denied Dial's Motion for Judgment as a Matter of Law, and also held that Dial's use of the work tolerance screen had a disparate impact against female applicants in violation of Title VII of the Civil Rights Act of 1964. Following the Court's Order of April 12, 2005, and additional briefing of post-trial damages issues (the parties agreeing that notwithstanding the entry of this Proposed Order or any final judgment in this matter, the parties have preserved their rights to appeal all issues relating to the determinations of liability and any relief which have previously been raised and briefed or orally argued before this Court prior to September 14, 2005), and following the Court's order of September 14, 2005,

IT IS HEREBY ORDERED:

1.  Judgment be entered in favor of the EEOC and against Dial, together with costs.

2.  If Dial desires to reinstate use of a revised Work Tolerance Screen, or to implement any new pre-employment screening device during the next five years, it shall, at least 90 days before implementing such screening device, provide to the EEOC a description of the test, whether it has or is expected to have a disparate impact against women, and all evidence showing it to be job-related and consistent with business necessity.

3.  Dial has offered all claimants Production Technician positions at the Fort Madison Food Plant of the Dial Corporation. Fourteen claimants accepted these offers ("Claimants Accepting Offers"). In light of these offers, EEOC is not seeking front pay in this matter, except as provided in Paragraph 5 below. To date, issues have arisen at least with respect to three of the Claimants Accepting Offers: Paula Liles's employment was terminated on July 12, 2005; Heather Bradley-Wright's employment was suspended on August 5, 2005 pending completion of a background screen; and Sue Guthrie's employment status is awaiting additional medical information.

Dial shall treat the Claimants Accepting Offers as non-probationary employees for purposes of the grievance and arbitration provisions of the collective bargaining agreement governing their working conditions. Dial agrees to not raise any issues of arbitrability of any such grievances or requests for arbitration with respect to the Claimants Accepting Offers as it relates to these individuals' claims, if any, up through the date of this Order. EEOC agrees that any remedies awarded under the collective bargaining agreement, as well as the remedies and procedures set forth below, may be introduced in evidence at any Court hearing for enforcement of Title VII rights of any such Claimants Accepting

Offers, and EEOC's right to such a hearing shall not otherwise be affected. Dial agrees to work with the collective bargaining representative to modify the collective bargaining agreement such that the arbitrator shall have express authority to allow the parties to engage in discovery in accordance with the Federal Rules of Civil Procedure and to award any and all appropriate relief under the agreement, as well as compensatory and punitive damages in accordance with Civil Rights Act of 1991.

As positions become available in the normal course of business, Dial shall make job offers to all class members who have not previously accepted job offers and whom EEOC has identified as interested in such an offer, whose names shall be communicated to Dial within twenty-one days of the date of entry of judgment. The offers shall be for Production Technician positions. Dial shall treat all such new employee class members as non-probationary employees for purposes of the grievance and arbitration provisions of the collective bargaining agreement governing their working conditions.

Dial shall not treat any class members differently from other employees or retaliate against them in violation of Title VII. Class members who have previously accepted job offers from Dial and who are no longer employed by Dial, shall be deemed to have the same rights under this paragraph as class members currently employed, or hired pursuant to this paragraph.

4.   Within thirty days of the entry of this Judgment, each of the following class members who previously accepted an offer of employment at Dial shall receive as additional back pay from May 9, 2005, (the date on which the first job offers became effective), to the date on which she commenced work at Dial, one half of her actual wage loss, as follows:

| NAME | DATES | BACK PAY | MITIGATION | INTEREST | ½ TOTAL |
|---|---|---|---|---|---|
| Mary Adler | May 9, 2005 - June 13, 2005 | $3,136.00 | $1,400.00 | $25.34 | $880.67 |
| Stephanie Krome | May 9, 2005 - June 13, 2005 | $3,136.00 | $0 | $36.69 | $1,586.35 |
| Lisa Monnier | May 9, 2005 - June 13, 2005 | $3,136.00 | $1,336.00 | $20.34 | $910.17 |
| Denise Trejo | May 9, 2005 - June 13, 2005 | $2,400.00 | $2,100.00 | $5.94 | $152.97 |
| Cheryl Guthrie | May 9, 2005 - July 18, 2005 | $6,272.00 | $0 | $91.57 | $3,181.78 |
| Anita Howes | May 9, 2005 - July 18, 2005 | $6,272.00 | $0 | $262.79 | $3,267.39 |
| Shanen Carlson | May 9, 2005 - July 18, 2005 | $4,440.00 | $1,393.00 | $85.92 | $1,566.46 |
| Heather Wright | May 9, 2005 - July 18, 2005 | 0 | 0 | 0 | 0 |

    5.    Beginning on September 30, 2005, and quarterly thereafter, Dial shall pay to each class member who begins or began work pursuant to Paragraph 3 of this Order, front pay defined as: a) the value of benefits from May 9, 2005, through August 7, 2005 ($1,965.00)(or until she left Dial's employment, whichever comes first); and b) the difference in the hourly wage for each hour actually worked (including any overtime actually worked) and the wage which the class member would have

earned for those hours had she been hired at the time of her original application, until her wages equal what she would have earned had she been hired at the time of her original application. These payments will be computed and paid within thirty days of the end of each quarter, following the entry of final judgment.

6. Within thirty days of entry of judgment, Dial shall issue checks, by certified mail, with copies to EEOC, to each of the class members as follows: 1) back pay, including overtime, from the date the class member should have been hired until March 31, 2005, less mitigation; 2) lost benefits, calculated as the cost of benefits to Dial, less mitigation; and 3) prejudgment interest, calculated at the statutory post-judgment interest rate, from the date the class member would have been hired until March 31, 2005, compounded annually, plus prejudgment interest on that amount, to the date of entry of judgment by the District Court. Dial shall deduct the employee's share of required payroll taxes from checks for back pay required by this Paragraph, and by Paragraphs 4 and 5 of this Order.

| NAME | BACK-PAY | BENEFITS | INTEREST THROUGH 3/31/05 | TOTAL |
|---|---|---|---|---|
| Paula Liles | $93,929.09 | 0 | $16,588.77 | $110,517.86 |
| Patricia Maerz | $120,236.23 | $6,115.80 | $21,961.88 | $148,077.68 |
| Charlotte McClure | $81,324.87 | $10,792.58 | $13,949.19 | $106,066.64 |
| Tracy Dresden | $134,366.59 | $3,051.00 | $24,787.64 | $162,205.23 |
| Vickie Hamelton | $82,430.46 | $6,293.00 | $16,607.45 | $105,330.91 |
| Alice Schmoldt | $106,295.30 | $12,240.50 | $22,888.91 | $141,424.71 |
| Heather Wright-Bradley | 0 (no check issued) | 0 | 0 | 0 |

| | | | | |
|---|---|---|---|---|
| Carol Kirchner | $96,121.83 | $20,073.34 | $28,018.81 | $144,213.98 |
| Shannon White | $98,759.23 | $30,385.34 | $15,955.43 | $145,100.00 |
| Anita Howes | $104,377.78 | $14,991.75 | $15,867.93 | $135,237.46 |
| Lena Keppel | $57,234.04 | $5,342.60 | $9,942.37 | $72,519.00 |
| Tamara Mattingly | $90,205.43 | $24,353.25 | $14,512.55 | $129,071.23 |
| Jessica Morss | $60,000 | $13,500 | $1500 | $75,000 |
| Dacia Fry | $68,991.43 | $4,150.00 | $10,317.04 | $83,458.47 |
| Tarabeth Peabody | $69,900.00 | $15,500.00 | $11,600.00 | $97,000.00 |
| Tiffany Smith | $95,272.08 | $7,205.45 | $13,934.72 | $116,412.25 |
| Patrice Squier | $38,405.33 | 0 | $4,625.45 | $43,030.78 |
| Maude Gillenwater | $45,988.11 | 0 | $5,498.97 | $51,487.08 |
| Darcie Lefler | $76,107.71 | $6,892.29 | $12,000.00 | $95,000.00 |
| Mary Adler | $37,204.75 | $18,167.92 | $1,879.44 | $57,252.11 |
| Hazel Dohman | $2,334.72 | 0 | $139.36 | $2,474.08 |
| Brenda Featheringill | $19,254.79 | $2,640.45 | $766.35 | $22,661.59 |
| Heather Gustin | $45,174.44 | 10,000.00 | 1113.87 | $56,288.31 |
| Sue Guthrie | $56,275.71 | $9,552.32 | $2,290.49 | $68,118.52 |
| Selena Hawkins | $38,796.34 | $9,165.05 | $1,658.47 | $49,619.86 |
| Sharon Herriman | $29,484.76 | $6,234.29 | $1,208.58 | $36,927.63 |
| Paula Smeltser | $31,257.50 | $13,007.89 | $1,498.38 | $45,763.76 |
| Karen Sperry | $25,083.69 | $5,080.40 | $1,171.37 | $31,335.46 |
| Cheri Vanderlip | $26,917.20 | $5,458.13 | $1,006.07 | $33,381.40 |
| Kimberly Walker | $38,331.43 | $15,505.53 | $2,050.19 | $55,887.15 |
| Anita Nunn | $36,965.86 | $11,542.20 | $1821.38 | $50,329.44 |
| Karen Ridge | $22,209.04 | $4,500.00 | $600.00 | $27,309.04 |

| | | | | |
|---|---|---|---|---|
| Amanda LeMaster Wagner | $47,743.86 | $13,567.03 | $1,559.33 | $62,870.23 |
| Lisa Monnier | $28,122.28 | $12,891.50 | $933.22 | $41,947.00 |
| Michelle Davidson-Keppel | $34,335.21 | $5,774.00 | $934.52 | $41,043.73 |
| Angela Elder | $42,506.57 | $10,522.09 | $1,203.53 | $54,232.19 |
| Taleah Knotts | $41,753.66 | $10,522.09 | $1,213.45 | $53,489.20 |
| Stephanie Krome | $30,097.48 | $10,522.09 | $874.09 | $41,493.66 |
| Peggy Vermillion-Workman | $29,865.43 | $5,774.00 | $770.94 | $36,410.37 |
| Crystal Capps (Guzman) | $38,807.66 | $9,229.61 | $1,193.46 | $49,230.74 |
| Mindy Schofield | $30,419.98 | $9,229.61 | $985.31 | $40,634.91 |
| Michele Flockhart | $20,761.72 | $241.00 | $628.33 | $21,631.05 |
| Pamela Dye | $20,761.72 | $2,845.78 | $696.65 | $24,304.15 |
| Denni Fortune | $8,071.11 | $882.03 | $278.13 | $9,231.27 |
| Jessica Ort | $16,800.00 | $2,600.00 | $600.00 | $20,000.00 |
| Denise Trejo | $4,858.72 | $1,077.48 | $150.34 | $6,086.54 |
| Pauline Vass | $8,346.72 | $2,845.78 | $299.63 | $11,492.13 |
| Nancy Ehrhardt | $15,278.97 | $2,138.41 | $548.15 | $17,965.52 |
| Stacy Miller | $13,038.08 | $2,138.41 | $395.18 | $15,571.67 |
| S.Carlson | $3,810.00 | $0 | $107.44 | $3,917.44 |
| C. Forrester | $4,545.00 | $0 | $128.17 | $4,673.17 |
| R. Kennedy | $3,959.00 | $0 | $111.64 | $4,070.64 |
| Sara Finton | $920.00 | $0 | $25.94 | $945.94 |

7. Within thirty days of entry of Judgment, Dial shall issue checks, by certified mail, with

copies to EEOC, for compensatory damages plus prejudgment interest to August 23, 2005, as follows:

| | |
|---|---|
| Crystal Capps/Guzman | $5,099 |
| Angela Elder | $5,099 |
| Karen Sperry | $5,099 |
| Kimberly Walker | $5,099 |
| Sharon Harriman | $5,099 |
| Paula Smeltzer | $1 |
| Cheri Vanderlip | $5,099 |

8. Within thirty days of entry of this Judgment, Dial shall pay to each of the following class members the sum of $9,000 as damages. Shanen Carlson, Pamela Dye, Nancy Ehrhardt, Sara Finton, Michele Flockhart, Carol Forrester, Denni Fortune, Rebecca Kennedy, Stacy Miller, Jessica Ort, Denise Trejo, Pauline Vass.

IT IS FURTHER ORDERED that the Clerk enter judgment consistent with the terms of this order.

Entered this 29th day of September, 2005.

_____
RONALD E. LONGSTAFF, Chief Judge
United States District Court